Baldwin & Co. *v.* McCathern, McElmurray & Banks.

Where a landlord's lien for supplies is actually created by special contract in writing executed by the tenant before any supplies are furnished by a third person, supplies thereafter furnished by the latter to the tenant on the tenant's credit, in consequence of a parol agreement with the landlord that he will assign the existing lien, come under the security of the lien, although the written assignment be not actually executed until after the greater part of the supplies have been furnished by the assignee.

July 23, 1894.                                        *Judgment affirmed.*

Money rule. Before Judge Roney. Burke superior court. December term, 1893.

A fund was raised by sale of a crop made by German in 1889, under levy of a *fi. fa.* in favor of Baldwin & Co., issued prior to 1889. The crop was made on land rented from Banks. McCathern, McElmurray & Banks claimed the fund under a lien *fi. fa.* against German, issued in 1889 before the sale. The writing on which this *fi. fa.* was based was from German to Banks, dated April 6, 1889, to secure Banks for making advances. It gave to Banks and his assigns full lien on German's entire crop, and contained an agreement that the landlord's lien should be transferable so as to vest in the transferee the power to collect the same as fully as the landlord could. Banks transferred this agreement on August 6, 1889, by writing, to McCathern, McE. & B. (of which firm he was a member), in consideration that they would furnish to German the articles agreed to be furnished, "with full power to foreclose and enforce collection of the same as I might do." The supplies they furnished were charged on their books to German, and all but a small amount of them were furnished before August 6th, on which date the crops had not matured. They had no

other security for the supplies so furnished to make the crop; and the same were furnished with the distinct understanding beforehand, between the firm, Banks and German, that German was to give the landlord's lien to Banks and he was to transfer it to the firm as security for the advances. The fund was awarded to said firm, and Baldwin & Co. excepted.

R. O. LOVETT and J. R. LAMAR, for plaintiffs in error.
E. H. CALLAWAY, *contra*.